{¶ 36} I respectfully, but vigorously, dissent from the disposition and analysis of this case by the majority.
 {¶ 37} Revised Code Section 3105.171(C)(2) states that "[e]ach spouse shall be considered to have contributed equally to the production and acquisition of marital assets." When the trial court awarded appellee compensation for acting as the general contractor in the building of the parties' marital residence and offset that amount against the appellant's separate property interest in the land, the trial court committed reversible error.
 {¶ 38} By law, marriage is considered a 50-50 partnership when it comes to the acquisition of property. The law implicitly acknowledges that each spouse contributes to a marriage in varying ways. Some of those ways do not directly result in the acquisition of property but are still valuable to the marital relationship. For instance, if one spouse primarily is a homemaker and stay-at-home parent and the other spouse works outside the home 50 to 60 hours per week bringing home the only paycheck, all property acquired with that paycheck shall be considered marital under 3105.171(C)(2).
 {¶ 39} Granting one spouse more marital property than the other based on the amount of effort and/or money each spouse contributed to acquiring that individual piece of property not only violates R.C. 3105.171(C)(2) but also sets a precedent that could lead to endless litigation in dividing property in divorce cases.
 {¶ 40} The majority cites statutes that allow unequal division of property if equity requires. But it is only in extraordinary circumstances or in cases of financial misconduct by one party that these statutes are usually applied, not in the fact pattern sub judice.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs to appellant.